AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>KEVIN MARTIN<br><br>*Defendant(s)* | )<br>)<br>) Case No. **3:18 mj 812**<br>)<br>) MICHAEL J. NEWMAN<br>)<br>) |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2018 DEC 17 AM 11:36
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __8/24/2018__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(C) | Conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Brian Turk, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/17/18

_____
*Judge's signature*

City and state: Dayton, Ohio

Michael J. Newman, U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT "A"
AFFIDAVIT

1. I, Brian Turk, am a Special Agent of Homeland Security Investigations (HSI), United States Department of Homeland Security. As such, I put forth the following information in support of arrest warrant for Kevin **MARTIN**.

2. I am an employee of Homeland Security Investigations assigned to the Cincinnati Resident Office. I have been employed with HSI since November of 2012. I attended and graduated from the basic agent training course in Brunswick, Georgia. Prior to this, I was a Special Agent for five years with the United States Secret Service (USSS) in Newark, New Jersey and a Border Patrol Agent for two years with the United States Border Patrol in Yuma, Arizona. I have received extensive training in the investigation of narcotics trafficking and financial crimes from the USSS and Homeland Security Investigations, as well as ongoing in-service training.

3. Between August 2013, and December 2018, I have been assigned to the Homeland Security Investigations ("HSI") Border Enforcement Security Task Force ("BEST") in Dayton, Ohio.

4. As a Special Agent for Homeland Security Investigations, I am charged with the duty of enforcing among other Titles, the Controlled Substance Act, Title 21, United States Code, together with other assigned duties as imposed by federal law.

5. By virtue of my employment with the HSI, I perform and have performed various tasks which include, but are not limited to:

    a) Functioning as a surveillance agent for the primary purpose of observing and tracking movements of drug traffickers and those suspected of trafficking in drugs;

b) Functioning as a case agent which entails the supervision of specific aspects of drug investigations; and,

c) The tracing and tracking of monies and assets gained by drug traffickers from the illegal sale of drugs.

6. This Affidavit is submitted in support of criminal complaints, and seeks the issuance of arrest warrant against Kevin **MARTIN** ("**MARTIN**"), for violations of 21 U.S.C. §§ 846 and 841(b)(1)(C) (conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance). The information contained in this Affidavit is largely based upon an investigation conducted by me and other law enforcement officers. All of the details of the investigation are not included in this Affidavit, rather only information necessary to establish probable cause of the above-described violations.

## FACTS SUPPORTING PROBABLE CAUSE

7. Unless otherwise noted, when I assert that a statement was made, I received the information from a law enforcement officer who provided the information to me, either verbally or in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

8. On August 28, 2018 at approximately 11:43 am, the Ohio State Highway Patrol ("OSP") was conducting patrol near the city of Dayton, Ohio on US 35 West when an OSP trooper observed a white Ford Mustang traveling visually fast. The trooper checked the vehicle's speed using an Ultra Light 20/20 laser and received a speed measurement reading of 90 miles an hour in a posted 55 mile per hour zone. As the vehicle passed by the Trooper, the Trooper observed a white male driver and a passenger inside the white Mustang, both of whom were not wearing seat belts. The Trooper positioned his vehicle behind the Mustang and activated the OSP marked unit's overhead lights in an attempt to conduct a

traffic stop on the Mustang. The Mustang failed to yield to the Troopers overhead lights and began to flee from the Trooper in an unsafe and erratic manner. The Trooper observed the Mustang passing vehicles on an exit ramp and decided to terminate the pursuit.

9. The OSP Trooper put out a description of the vehicle and direction of travel to the Dayton Police Department ("DPD"). As the Trooper was giving out the Mustang's description the Trooper observed that the white Mustang had gone off the right side of the roadway, up the curb and had come to rest on a sidewalk. The Trooper quickly turned and stopped near the crashed Mustang. The Trooper noticed the vehicle's occupants had abandoned the vehicle and many witnesses standing around outside near the vehicle informed the Trooper that the occupants had taken off from the scene of the accident and traveled east.

10. The OSP Trooper relayed the information the witnesses gave to the Trooper of a clothing description of the fleeing occupants along with the Trooper's own observations. After having heard the screeching tires and the crash, a Dayton Metro Parks ("DMP") Officer who was in the area observed the occupants running from the white Mustang. The DMP Officer quickly stated what she had observed and followed after the suspects from the white Mustang.

11. The OSP Trooper turned his attention to looking in the vehicle, without entering the vehicle, and observed a clear plastic baggie containing white rocks and white powder located in the center console area in plain view. The Trooper also observed in plain view two glass pipes: one in the center console and one on the driver's floor board.

12. The OSP Trooper completed a field sketch for the crash report and called for a tow truck so it could be towed back to the OSP Dayton Post. While the Trooper was performing the crash investigation, DPD along with additional OSP Troopers apprehended the occupants that ran from the vehicle. The white male driver of the vehicle was identified as Kevin **MARTIN** and the female passenger as Sabrina Ford. Upon a personal search of **MARTIN**, Troopers discovered $2,300 in U.S. currency on his person.

13. OSP escorted the Mustang as it was towed to the OSP Dayton Patrol Post. Once at the Dayton Patrol Post, a thorough probable cause search of the vehicle was performed. The search revealed a large, clear plastic baggie located in a back pack. The large, clear plastic bag had a white and clear rock-like substance believed to be methamphetamine. There were also numerous glass pipes used to smoke methamphetamine along with a digital scale. All evidence in this case was removed from the vehicle, packaged and labeled as evidence.

14. A LEADS/NCIC database query of Sabrina Ford and Kevin **MARTIN** revealed both had active arrest warrants. The OSP Trooper released **MARTIN** to the custody of the DPD at their request.

15. On August 29, 2018, I took custody of the evidence and currency related to this investigation from the OSP Dayton Post and submitted the items to the Montgomery County Sheriff's Office (MCSO) property for storage. The alleged methamphetamine seized from **MARTIN** on August 28, 2018, was submitted to the Miami Valley Regional Crime Laboratory (MVRCL) for analysis.

16. On October 15, 2018, the MVRCL determined the substance seized from **MARTIN** on August 28, 2018, to be 28.2 grams of methamphetamine, a Schedule II controlled substance.

17. Based on the facts set forth in the Affidavit, I believe that there is probable cause to issue a criminal complaint and arrest warrant against Kevin **MARTIN** for violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (conspiracy to possess with intent to distribute a mixture

or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance).

_____
Brian Turk, Special Agent
Homeland Security Investigations


Subscribed and sworn to before me on December 17, 2018.

_____
Honorable Michael J. Newman
United States Magistrate Judge